## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. 16-00210-KD-B |
| | ) | |
| JUSTIN MARTIN YOUNG | ) | |
|     Defendant | ) | |

## ORDER

This matter is before the Court on the Defendant's motion to suppress and the United States' response. (Docs. 14, 19). No hearing was held as the parties agreed a hearing was not required. (Docs. 19, 22). For the reasons discussed herein, the motion to suppress (Doc. 14) is **DENIED**.

### I.     Facts

The Defendant is charged in a two count indictment alleging receipt and distribution of child pornography, and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (a)(5)(B), respectively. (Doc. 1).  On April 26, 2011, an agent of the Alabama Bureau of Investigation[1] determined that a computer located in Mobile County, Alabama contained what appeared to be child pornography. The agent determined that the material was associated with a certain internet protocol ("IP") address, and the agent was able to download 3 video files from this IP address which agents determined was child pornography.

Through the computer's IP address, agents identified AT&T as the computer's internet service provider. On April 29, 2011, a subpoena was issued to AT&T, and after receiving a response from AT&T, investigators determined that service was being provided to an individual

---

[1] The Alabama Bureau of Investigation ("ABI") is now called the Alabama Law Enforcement Agency ("ALEA").

whose address was in 404 Joseph Street, Satsuma, Alabama. Defendant shared this address with his parents. On October 18, 2011, an agent observed the residence and determined that one of the cars there was registered to the Defendant's father.

On October 25, 2011, agents sought a search warrant for this address. In support of the application, an ABI Special Agent detailed the April 26, 2011 downloads. The same day, United States Magistrate Judge William Cassady approved the warrant.  On October 26, 2011, agents executed a search warrant at this address and the evidence obtained comprises much of the evidence against the Defendant in this case.

## II.    Analysis

As grounds for his motion, Defendant claims that "no probable cause existed for the issuance of the search warrant at the time the warrant was issued" and that the six month delay rendered the warrant "stale." (Doc. 14 at 2). The issue before the Court is whether the six month delay between the date evidence of child pornography was discovered on the Defendant's computer and the execution of the search warrant for the contents of that computer resulted in a violation of the Defendant's rights requiring suppression of this evidence.

Upon consideration, the Court adopts the arguments presented by the United States regarding staleness found on pages three through seven of the United States' response (Section III, Doc. 19) as the finding of the Court. In sum, because of the uniqueness of computer evidence (as explained by the United States), the information provided to the Magistrate Judge was not stale. Accordingly, the motion to suppress (Doc. 14) is **DENIED**.

**DONE** and **ORDERED** this **14**th day of **March 2017.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**