# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **vs.** | ) | **Criminal Action No. 16-00210-KD-MU** |
| | ) | |
| **JUSTIN M. YOUNG,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

This action is before the Court on Defendant Justin M. Young's "Emergency Motion to Effect Early Release 18 U.S.C. § 3582(c)(1)(A)(i) and (c)(1)(B)" (doc. 47), motion for appointment of counsel (doc. 48), and the response filed by the United States (doc. 52). Upon consideration, and for the reasons set forth herein, the motion is DENIED.

I. <u>Background</u>

Defendant Young pled guilty to Count 1 of the Indictment, which charged the offense of receiving and distributing images of child pornography. On July 14, 2017, he was sentenced to a term of 72 months with supervised release for life (doc. 45, judgment).

Young is currently incarcerated at FCI Oakdale I in Oakdale, Louisiana. His estimated release date is May 26, 2022. Young moves the Court for early release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on extraordinary and compelling reasons. Specifically, Young alleges that the Covid-19 coronavirus has infected inmates at FCI Oakdale I, with fatalities, and the Warden is not protecting him from exposure to the virus.

II. <u>Motion for appointment of counsel</u>

There is no constitutional or statutory right to counsel for "motions filed under § 3582; therefore, 'the decision to appoint an attorney is left to the discretion of the district court.'"

United States v. Reese, 2020 WL 3621316, at *1 (M.D. Ala. July 2, 2020) (quoting United States v. Webb, 565 F.3d 789, 792 (11th Cir. 2009)) (addressing the right to counsel in the context of a § 3582(c)(2) motion).  The Court finds that Young has shown the ability to effectively set forth the facts, claims and argument necessary to prosecute this action.  Also, his claims are not so factually and legally complex or exceptional that appointment of counsel would be warranted.  Accordingly, Young's motion for appointment of counsel (doc. 48) is denied.

III. Exhaustion

In relevant part, the compassionate release provision of 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment" after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)", if the court finds extraordinary and compelling reasons which warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

Young asserts that on April 1, 2020, he "[p]ersonally handed to Associate Warden Stout" an "'Inmate Request to Staff' petitioning for consideration towards early release" (doc. 47, p. 3-4).  He argues that 30 days lapsed without any action on his Request and therefore, his motion is eligible for consideration (Id., p. 4).  Young's motion for compassionate release was signed, dated and placed in prison mail on May 10, 2020, and docketed May 14, 2020 (Id., p. 5).

The United States contacted the Bureau of Prisons regarding Young's request.  The BOP provided a copy of an "Inmate Request to Staff" submitted by Young on May 17, 2020 (doc. 52,

p. 41, Exhibit C).  Based on this document, the United States argues that Young asked for early release based on serving over 60% of his sentence and no disciplinary incident reports during his three years at FCI Oakdale I, but not based on exposure to Covid-19 or any medical condition (doc. 52, p. 6).  From this, the United States argues that the Request does not meet the requirements for a request for early release based on extraordinary and compelling reasons; and therefore, Young has not meaningfully pursued the administrative process (doc. 52, p. 5-6).

The BOP also provided a copy of Young's Inmate Profile, which includes a notation – "Covid Home Confinement Denial 04-10-2020" (doc. 52, p. 43).  Although the Court does not have a copy of the April 1, 2020 "Inmate Request to Staff" referenced by Young, the notation of denial of "Covid Home Confinement" on April 10, 2020, indicates that some request based on Covid 19 was filed and action was taken with regard to that request.  Since more than 30 days lapsed between April 1, 2020 and Young's signing, dating and mailing his motion on May 10, 2020, there is sufficient information before the Court to find that Young likely exhausted his administrative remedies with respect to his request for compassionate release.

IV. <u>Motion for compassionate release</u>

Young moves the Court for a reduction of sentence to time served with immediate release or release to home confinement (doc. 47, p. 4).  As grounds, Young points out that Covid-19 is present at FCI Oakdale I, seven inmates have died, and many inmates and staff have contracted the virus.  He states he had direct contact with inmates who tested positive and one inmate who died, but the Warden is not protecting him from exposure to Covid-19 (doc. 47).

Young does not allege age or a diagnosed medical condition that may increase his risk of serious illness or death should he contract Covid 19.  Instead, he alleges that he is 34 years old and has "familial traits to diabetes, heart disease and cancer" and with "these biological markers"

he is more likely to contract these diseases, and thus "become[] prone to triggering the infection of the Coronavirus" (doc. 47, p. 3).

The United States argues that Young fails to show that he meets any of the reasons which qualify as extraordinary and compelling reasons for early release under the statute or the applicable Policy Statement, U.S.S.G. § 1B1.13 (doc. 52, p. 7-9). The United States points out that Young is 34 years old and there is no evidence he lacks the ability to function effectively in the prison setting.  The United States also argues that should Young develop the familial diseases, he has not presented any evidence that the diseases could not be managed in prison. The United States also argues that while Young has alleged issues regarding Covid-19 at FCI Oakdale I, the BOP has taken aggressive steps to manage the pandemic.  Also, the United States points out that Young did not provide any plan to ensure continuity of care should he be released.

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); United States v. Shaw, 711 Fed. Appx. 552, 554-55 (11th Cir. 2017) (same). Specifically, the district court may not modify a term of imprisonment once it has been imposed except as set out in 18 U.S.C. § 3582(c). See United States v. Pubien, 805 Fed. Appx. 727, 729 (11th Cir. Feb. 25, 2020) (citing 18 U.S.C. § 3582(c)).

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i) provides that the district court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)", if the district court finds that "extraordinary and compelling reasons warrant such a

reduction" and the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

"Extraordinary and compelling" reasons are not defined in the statute. Instead, Congress gave the Sentencing Commission the duty to promulgate general policy statements regarding sentence modifications pursuant to 18 U.S.C. § 3582(c)(1)(A) and stated that the Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). Congress also stated that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." Id.

Before the First Step Act was enacted, the Sentencing Commission promulgated the following policy statement, with criteria and examples:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) Extraordinary and compelling reasons warrant the reduction; or . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.[1]

The Application Notes to the Policy Statement include four examples of extraordinary and compelling reasons to consider reduction of a sentence under § 3582(c)(1)(A). The

---

[1] Subparagraph (B) provides for consideration of compassionate release if "[t]he defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned[.]"  Since Young is 34 years old,  subparagraph (B) cannot apply to him.

defendant's physical, mental, or medical condition may qualify if certain criteria are met.

U.S.S.G. § 1B1.13 cmt. n. 1(A). Specifically, if the

> i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. §1B1.13 cmt. n. 1(A).

However, Young does not allege that he is terminally ill or that he has a serious physical or medical condition, a serious functional or cognitive impairment, or that he is experiencing deteriorating physical or mental health because of the aging process such that he cannot care for himself.[2]

The district court may consider the "Age of the Defendant." U.S.S.G. § 1B1.13 cmt. n.1(B).  Specifically, whether the "defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has

---

[2] The Bureau of Prison's Program Statement No. 5050.50 addressing "Compassionate Release/Reduction in Sentence" Procedures for Implementation of 18 U.S.C. §§ 3582 and 42059g)" identified a "Debilitated Medical Condition" and states that a reduction in sentence "consideration may also be given to inmates who have an incurable, progressive illness or who have suffered a debilitating injury from which they will not recover. The BOP should consider a RIS if the inmate is:  Completely disabled, meaning the inmate cannot carry on any self-care and is totally confined to a bed or chair; or Capable of only limited self-care and is confined to a bed or chair more than 50% of waking hours."

served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." <u>Id</u>., cmt. n. 1(B).  Since Young is 34 years old, he does not fall within the criteria of this example.

The district court may consider Young's "Family Circumstances." <u>Id</u>., at cmt. n. (1)(C). Specifically, "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" and "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.". <u>Id</u> Young does not argue that his family circumstances fall within the criteria of this example.

Last, the district court may consider "Other Reasons" if  "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." <u>Id</u>., cmt. n. (1)(D). Since Young does not fall within the parameters of (A) through (C), his request may fall under subparagraph (D).

In its present version, subparagraph (D) "leaves identification of other 'extraordinary and compelling reason[s]' to the Director of the Bureau of Prisons." <u>United States v. Fox</u>, No. 2:14-CR-03-DBH, 2019 WL 3046086, at * 3 (D. Me. July 11, 2019).  But now that the First Step Act allows the inmate to file for compassionate release without the BOP's support, it is unclear what "other" reasons can be relied upon for compassionate release.  However, the Court finds that until the Sentencing Commission amends its Policy Statement "those other extraordinary and compelling reasons should be comparable or analogous to what the Commission has already articulated as criteria for compassionate release." <u>United States v. Fox</u>, 2019 WL 3046086, at *3.

Young's concerns about contracting Covid-19 because of the close living conditions and documented Covid-19 cases at FCI Oakdale I, standing alone or in combination with completion of 60% of his sentence and lack of disciplinary infractions, is not comparable or analogous to

any of the criteria identified in the Policy Statement.  Young has not provided the Court with evidence to support an underlying medical condition that would increase his risk of severe illness from Covid-19.  His Inmate Profile indicates that his level of care is "Care 1" for "Healthy or Simple Chronic Care" (doc. 52, p. 43).  Moreover, the BOP is in a better position to evaluate Young's risks.  Therefore, his motion is denied.

V. CARES Act

Young also moves for "release to home confinement", which the Court construes as a motion pursuant to the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (doc. 47, p. 4).  Previously, under 18 U.S.C. § 3624(c)(2), the Bureau of Prisons had authority to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."   Under the CARES Act, effective March 27, 2020, the BOP Director was permitted to lengthen the maximum amount of time a prisoner may be placed in home confinement, in certain circumstances and during a specified period of time after the declaration of national emergency due to Covid 19, if the Attorney General found that emergency conditions would materially affect the functioning of the BOP.  CARES Act, Pub. L. 116-136, § 12003(b)(2).[3]

On April 3, 2020, Attorney General William Barr made this finding and gave the Director authority to exercise this discretion. The Director was directed to "immediately review all inmates who have COVID-19 risk factors, as established by the CDC, starting with the inmates incarcerated at FCI Oakdale, FCI Danbury, FCI Elton, and similarly situated facilities where

---

[3] "Home Confinement Authority.  During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." CARES Act, P.L. 116-136, § 12003(b)(2) (2020).

you determine that COVID-19 is materially affecting operations." Memorandum from Attorney General William Barr to Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020),

https://www.justice.gov/file/1266661/download

However, the CARES Act did not give the Court authority to direct the BOP to consider Young for home confinement or direct the BOP to place him in home confinement for the remainder of his sentence.  Under 18 U.S.C. § 3621(b), the BOP "shall designate the place of the prisoner's confinement".  Therefore, Young's motion for relief pursuant to the CARES Act is denied.

**DONE** and **ORDERED** this 12th day of August 2020.


**s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**